***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Jones, with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Liberty Mutual Insurance Group is the carrier on risk.
4. Plaintiff's average weekly wage was $300.00.
5. Industrial Commission Forms and filings relating to this case were stipulated into evidence as Stipulated Exhibit 1.
6. Documentation from plaintiff's personnel file were stipulated into evidence as Stipulated Exhibit 2.
7. The Workers' Compensation notice posted in the break room at defendant-employer was stipulated into evidence as Stipulated Exhibit 3.
8. The issues before the undersigned are: (i) whether plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer on November 22, 2000; and (ii) if so, what compensation, if any, is due plaintiff.
 *********** PROCEDURAL RULINGS
1. Plaintiff filed the Form 18 on June 11, 2001.
2. Plaintiff filed the Form 33 on November 21, 2002. Defendant failed to file a Form 33R until they retained defense counsel. Defense counsel filed a Form 33R on March 17, 2003.
3. Melissa L. McDonald and the law firm of Hedrick Eatman Gardner Kincheloe have immediately addressed all legal concerns relating to their representation of defendants. However, the insurance carrier failed to comply with Industrial Commission Rules relating to the filing of a Form 33R.
IT IS HEREBY ORDERED that Liberty Mutual Insurance Company shall pay a $100.00 penalty for failure to file a Form 33R pursuant to Rules 603 and 802 of the North Carolina Industrial Commission Rules. Defendant-Carrier shall make the check payable to the North Carolina Industrial Commission.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-three (43) years old. She had completed high school and received electrical technology certification from Forsyth Community College.
2. On March 18, 2000, plaintiff began working on the loading docks for defendant-employer. Plaintiff's responsibilities were to unload trucks, process clothing, and load flatbeds. Plaintiff was also responsible for cleaning and vacuuming certain sections of the store
3. Plaintiff worked seven hours a day and was paid $7.70 per hour.
4. Initially, plaintiff's supervisor was Tim Davis. Mr. Davis left plaintiff's section and Bob Hill became plaintiff's supervisor.
5. In 1988, plaintiff was involved in a non-work related altercation when she took action to prevent someone from being attacked on the street. In doing so, she was hit in the back of the head by the assailant with an iron bead post. Plaintiff sustained significant injuries and was treated at Forsyth Memorial Hospital. She received treatment for her head injury for approximately one (1) year after the injury. According to plaintiff, she was instructed to avoid becoming overly hot and to not eat certain spicy foods as result of her injury. Plaintiff reports to suffer from sluggish speech and slow comprehension as a consequence of the 1988 injury.
6. On November 22, 2000, plaintiff was cleaning the Liz Claiborne area of defendant-employer's store. Plaintiff was dusting underneath a rounder, a type of rack. When plaintiff raised herself to stand up, she hit the right side of her face and ear on the rounder. Plaintiff was dizzy and felt faint.
7. Plaintiff continued to perform her normal work duties until she saw Johnny McLean. According to plaintiff, Mr. McLean was a senior dock worker. Plaintiff informed Mr. McLean that she had hit the right side of her face and ear. She indicated she needed to go to an emergency room. Plaintiff asserts Mr. McLean told her that she would need to wait to tell Tim Davis, who was on vacation.
8. Later that week, plaintiff asserts that informed Mr. Davis of her injury and on more than one occasion, but could not recall the exact dates on which she spoke to Mr. Davis.
9. Franco Borzachini, the store manager, was on duty at the time of the alleged incident. Mr. Borzachini testified that Mr. Davis was not, in fact, on vacation the day plaintiff alleged she injured herself. Mr. Borzachini stated that he moves throughout the store and sees plaintiff on a regular basis. Plaintiff is an excellent employee and has a good relationship with Mr. Borzachini. Plaintiff had no history of difficulty in expressing her opinions or seeking assistance when necessary.
10. Plaintiff continued to work her normal shifts and did not miss any time from work.
11. On February 3, 2002, plaintiff presented to North Carolina Baptist Hospital emergency room and was examined by James Byrum, M.D., and Julian Gavin, M.D. It was recommended that plaintiff have an MRI, but plaintiff was not able to pay for the exam.
12. At hearing before the Full Commission, plaintiff stated that she had recently treated with Thomas J. Mascenik, M.D., a neurologist with Triad Neurological Associates in Winston-Salem, NC, for ongoing neurological problems, including dizziness.
13. Plaintiff never followed up with anyone at her employment as to her circumstances, other than Mr. Davis. Plaintiff made no efforts to discuss the matter with Mr. Borzachini until her annual review in January 2001. Plaintiff noted on her annual review that she needed to see a doctor. When Mr. Borzachini asked plaintiff what had happened, she refused to talk about it or write a statement.
14. Plaintiff asserts she has had four "tardies" at work as a result of her injury. Mr. Borzachini testified that plaintiff has never had significant tardies that resulted in any disciplinary action by defendant-employer.
15. Plaintiff never provided any medical documentation to defendant-employer regarding her February 3, 2002, emergency room visit.
16. Plaintiff has never filed on her group health insurance as to her treatment by the emergency room.
17. Plaintiff worked continuously from November 22, 2000, through February 3, 2002, and has continued to work for Dillard's.
18. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on November 22, 2000.
19. There is no evidence plaintiff suffered any disability, in terms of lost wages or a diminished wage earning capacity, as result of her injury by accident; however there is insufficient medical evidence for the Commission to determine whether plaintiff is due medical compensation as a result of her compensable injury by accident, and to what extent her medical problems may be causally related to the injury. Thus, plaintiff would benefit from a medical evaluation.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on November 22, 2000 when she struck the right side of her face on a rack at defendant-employer's store. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to prove by the greater weight of the evidence that she sustained any disability, in terms of lost wages or a diminished wage earning capacity, as a result of her injury by accident on November 22, 2000. N.C. Gen. Stat. § 97-2(9).
3. Plaintiff is entitled to a medical evaluation to determine whether her medical problems are causally related to her compensable injury by accident and, if so, what medical treatment, if any, is necessary to effect a cure or give relief. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim for disability compensation is hereby denied
2. The Nurses Section of the Industrial Commission shall assign a nurse to assist plaintiff in obtaining a medical evaluation, at defendant's expense, with Thomas J. Mascenik, M.D., a neurologist with Triad Neurological Associates in Winston-Salem, NC. Dr. Mascenik is directed to determine which, if any, of plaintiff's neurological problems, including dizziness, can be causally related to her compensable injury by accident. Dr. Mascenik shall, with the assistance of the Nursing Section of the Industrial Commission, present a report to the Full Commission within ninety days of the date of this Award specifying plaintiff's current needs for medical treatment, and making specific recommendations as to appropriate medical care. A copy of this Opinion and Award shall be provided to Margaret Dunn, Section Head of the Nursing Section of the Industrial Commission.
3. Should Dr. Mascenik determine that plaintiff's neurological problems, or any portion thereof, is causally related to plaintiff's compensable injury by accident, defendants shall pay for any related medical treatment that is reasonably necessary to effect a cure or give relief.
4. Defendants shall pay the costs.
This 6th day of October 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER